IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HADLEY W., by and through her next friend, JENNIE W., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 5:21-cv-344 |
| COMAL INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

### I.     INTRODUCTION

1. This is a civil action brought pursuant to 20 U.S.C. § 1415(i) to appeal and to obtain a reversal of an erroneous decision (the "Decision," attached as Exhibit A) by a hearing officer in an administrative proceeding. This action also seeks attorneys' fees for time spent in representing Plaintiff in the proceeding below and in litigating the instant Complaint.

### II.     JURISDICTION

2. This Court has jurisdiction pursuant to 20 U.S.C. § 1415, 28 U.S.C. §§ 1331 and 1343.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that give rise to this Complaint occurred in this district.

### III.     PARTIES

4. Plaintiff Hadley W. is a nine year-old student with disabilities who lives with her parents in New Braunfels, Texas. She resides within the geographical area served by the Comal Independent School District ("CISD").

1

5.      Defendant CISD is a duly incorporated Independent School District located largely in Comal County, Texas, although it serves portions of other counties as well.  CISD is the resident school district for Hadley W. and is responsible for providing her with a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA").

## IV.     STATEMENT OF FACTS

6.      Hadley W. is a nine year-old secondary school student with disabilities, including Down Syndrome, ADHD, and speech impairment, residing within the geographical area served by CISD.  She has attended CISD and received special education services from that school district from 2017 through the present.

7.      CISD provided instruction to Hadley W. in the general education classroom until March 2020, recognizing that she received both academic and non-academic benefits in that environment.  Despite the fact that CISD admitted that Hadley had made progress in her academic goals and was receiving non-academic benefits as well, the CISD Admission, Review, & Dismissal ("ARD") Committee nevertheless sought to place her in a more restrictive special education classroom at a different campus, ostensibly because she was not making sufficient progress in the general education classroom in the view of the ARD Committee.

8.      In fact, Hadley W. had mastered many of her academic goals based on the criteria the CISD ARD Committee had itself previously set.  She was making progress on the goals she had not yet fully mastered.  CISD seems to have predicated its placement determinations on a concern that Hadley was not working at the same level as her typically developing peers.  However, the law does not require that students with disabilities receiving special education

services be working at the same level as their typically developing peers to receive instruction in the general education classroom.

9. The CISD ARD Committee admitted that Hadley W. derived benefits from interacting with her typically developing peers in the general education classroom. In fact, Hadley requires typically developing peers as models for socialization and communication. Even in the very March 2020 ARD documentation in which it recommended the change to a more restrictive placement, the CISD ARD Committee recognized that removal of Hadley from the general education classroom would cause potential problems for her, including: "[l]ack of opportunity for appropriate role models[,]" "[l]ack of opportunity for social interaction[,]" and "[d]iminished access to full range of curriculum[.]" Thus, not only does Hadley derive benefit from inclusion in the general education classroom, but removal from that classroom to a more restrictive environment would cause her harm.

10. Hadley causes neither an undue burden on her instructors in the general education classroom nor any sort of disruption to other students in the classroom that could justify removal. In fact, although Hadley displays some problematic behaviors, the level of those behaviors has decreased since 2017, such that no such behaviors could warrant removal from the general education classroom at this point.

11. In fact, CISD staff members admitted that the Behavior Intervention Plan implemented for Hadley was working and was reducing the level of any problematic behaviors. Consequently, CISD could not justify any change in placement based on the mere fact of such behaviors.

12. CISD further admitted that it needed data in a number of different areas to make relevant determinations about Hadley's instruction. It specifically indicated the need for further

data concerning Speech/Language, Functional Behavior Assessment, Cognitive/Adaptive, Achievement, Occupational Therapy, OHI eligibility, and Assistive Technology.  Needing data in all of these areas to obtain a full picture of Hadley's unique characteristics, circumstances, and needs, the CISD ARD Committee should not have sought a change in placement to a more restrictive environment before it obtained this data.  As of the date of this filing, it has still not obtained the requisite data.

13.     Particularly with respect to speech and Assistive Technology, experts have indicated that CISD could greatly enhance Hadley's experience in the general education classroom with more intensive work on speech and language and related issues.  The CISD ARD Committee thus compounded its errors by forgoing this opportunity and instead unilaterally seeking to place Hadley in the more restrictive classroom where she would not have typically developing peers as role models or language models.

14.     Because of the COVID-19 health crisis, Hadley has not received instruction in an in-person educational environment since March 2020.  It has consequently been a year since the CISD ARD Committee sought to change her placement and since she has been in a physical CISD classroom.  Experts have indicated that it would be appropriate for CISD to obtain more data concerning Hadley upon her return to the physical classroom before making drastic placement changes, such as the change to a more restrictive classroom.

15.     Plaintiff filed an administrative due process complaint on or about August 31, 2021.

16.     The parties participated in an administrative due process hearing on January 19-21, 2021.

17. The administrative hearing officer presiding over the hearing issued a decision on March 19, 2021, denying Plaintiff the relief she requested, except that it was ordered that "no later than 30 school days from the date of this decision, Comal ISD shall conduct and complete an Assistive Technology Evaluation of Student using all COVID-19 Pandemic health and safety precautions required by the District" and further requiring subsequent ARD review of the evaluation.

18. As the decision of the administrative hearing officer was erroneous apart from the order requiring an Assistive Technology Evaluation, Plaintiff files this appeal.

### FIRST CAUSE OF ACTION (IDEA)

19. Plaintiff incorporates by reference paragraphs 1-18 of this Complaint.

20. The administrative hearing officer erred in denying Plaintiff the relief she requested.

21. Plaintiff hereby appeals the decision of the administrative hearing officer pursuant to 20 U.S.C. § 1415(i).

22. Plaintiff seeks reversal of the administrative hearing officer's decision and an order requiring CISD to continue serving Hadley in the general education classroom.  By failing to continue such a placement, CISD has violated the least restrictive environment provision articulated in 20 U.S.C. § 1412(a)(5).

23. Pursuant to 20 U.S.C. § 1415(i)(3), Plaintiff is entitled to reasonable attorneys' fees if she prevails in the current litigation.

24. Because CISD sought to place Plaintiff in the more restrictive environment immediately upon receipt of the administrative hearing officer's decision, despite notification by

Plaintiff's counsel that she intended to appeal, Plaintiff further requests that this Court re-impose the stay put required by 20 U.S.C § 1415(j).

## PRAYER

WHEREFORE, Plaintiff requests that this Court:

A. Reverse the Decision of the administrative hearing officer below, except with respect to the Assistive Technology Evaluation, and render judgment in favor of Plaintiff with respect to her claim under the IDEA;

B. Order the Comal Independent School District to continue to instruct Plaintiff in the general education classroom;

C. Award Plaintiff reasonable attorneys' fees and costs for the administrative due process proceedings below and the current litigation;

D. Re-impose stay put obligations under 20 U.S.C. § 1415(j); and

E. Grant such other and further relief as may be just and proper.

DATE: April 6, 2021

   /s/ Mark Whitburn
Mark Whitburn
Tex. Bar No. 24042144
Sean Pevsner
Tex. Bar No. 24079130
Whitburn & Pevsner, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (817) 653-4547
Fax: (817) 653-4477