UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**H.W, by and through her next friend, JENNIE W.,**

 *Plaintiff*,

v.                Case No. SA-21-CV-0344-JKP

**COMAL INDEPENDENT SCHOOL DISTRICT,**

 *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction to Enforce Stay Put* (ECF No. 4). Defendant has filed a response (ECF No. 7), and the Court conducted a hearing on the motion on April 20, 2021. The Court, having fully considered the complaint, motion and briefing, all matters of record, including arguments presented at the hearing, hereby **GRANTS** the motion.

While Fed. R. Civ. P. 65 typically governs motions for temporary restraining order or preliminary injunction, Plaintiff does not invoke Rule 65 for the motion. Plaintiff instead invokes 20 U.S.C. § 1415(j) as a statutory injunction that issues automatically when applicable. The Court agrees that the process differs for cases such as this one which asserts claims under the Individuals with Disabilities Education Act ("IDEA") and seeks an injunction under § 1415(j). The Fifth Circuit has stated:

> The IDEA's stay-put provision provides in relevant part that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j). "The injunction is automatic . . . ." *Wagner v. Bd. of Educ. of Montgomery Cty.*, 335 F.3d 297, 301 (4th Cir. 2003). "It guarantees an injunction that prohibits a school board from removing the child from his or her current placement during the pendency of the proceedings." *Id*. "Thus, when presented with an application for section 1415(j) relief,

> a district court should simply determine the child's then-current educational placement and enter an order maintaining the child in that placement." *Id*.

*Tina M. v. St. Tammany Par. Sch. Bd.*, 816 F.3d 57, 60 (5th Cir. 2016). In full, the quote from *Wagner* reads: "It guarantees an injunction that prohibits a school board from removing the child from his or her current placement during the pendency of the proceedings." 335 F.3d at 301.

From the briefing and attachments before the Court, as well as the argument presented at the hearing, it is apparent that the parties disagree as to the meaning of "the child's then-current educational placement" as that phrase applies to this case. Historically, Plaintiff has received her educational instruction in a "general education classroom." The parties disagreed when the school district recommended placement in a "special education classroom," and Plaintiff's mother challenged the recommended placement. On August 31, 2020, Plaintiff filed a due process complaint that invoked the stay-put provision, 20 U.S.C. § 1415(j), to require the school district to continue to educate her in the general education classroom at her neighborhood campus. There is no dispute as to Plaintiff's current educational placement at that time.

On March 19, 2021, an administrative hearing officer issued a decision with five conclusions of law, including (1) the school district's proposed placement is the least restrictive environment for the student; (2) the proposed change is appropriate in light of the student's circumstances; (3) the school district failed to comply with a procedure requirement regarding assessing the student for assistive technology ("AT") needs; and (4) the school district did not deny a free appropriate public education ("FAPE") to the student. *See Decision of H'rg Officer* (ECF No. 7-2) at 20. Based on the hearing officer's findings of fact and conclusions of law, the officer ordered the school district to conduct and complete an AT evaluation of the student within thirty days and further ordered that, within ten school days after completion of the AT evaluation, the school district convene an admission, review, and dismissal committee ("ARDC") meeting to review the evaluation report and consider any need to amend the student's individualized education program

("IEP"). *Id*. at 21.

The school district reconvened and confirmed its determination to place Plaintiff in a special education classroom. According to Plaintiff, her attorney immediately informed defense counsel of her intent to appeal the administrative decision and requested that the school district continue the general education placement through the conclusion of appellate proceedings. The school district declined the request and, according to an email exchange between March 30, 2021, and April 9, 2021, planned to and has proceeded with the placement change. The arguments at the hearing confirm that Defendant has changed Plaintiff's educational placement and that, at no point did Plaintiff's parents agree to the change.

Based on the email exchange and the hearing arguments, Defendant's position is that, as of the most recent placement change, Plaintiff's current educational placement as that phrase pertains to this case is in a special education classroom. Plaintiff maintains that the relevant placement is set when she filed her due process complaint and invoked the stay-put provision.

The parties agree that the issue is one of first impression. Although Plaintiff points to no directly applicable Fifth Circuit or Supreme Court decision, it does cite to the *Tina M.* case, which when read with the full quote from *Wagner*, provides some support for her position. Defendant in turn cites to an unpublished Fifth Circuit decision, *Thomas v. Conroe Independent School District*, 83 F. App'x 663 (5th Cir. 2003) (per curiam). But that one-page unpublished opinion provides no persuasive support for Defendant's position. That case involved circumstances where the plaintiff had not pursued administrative remedies and the Fifth Circuit found the stay-put provision both inapplicable and irrelevant to the matters before the district court. *See* 83 F. App'x at 663.

Plaintiff presents other persuasive authority for her position. *See*, *e.g.*, *M.S. v. L.A. Unified Sch. Dist.*, 913 F.3d 1119, 1141 (9th Cir. 2019) (relying on *Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036 (9th Cir. 2009) to find the nature of the stay put provision to be "uniquely

powerful"); *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 124 (3d Cir. 2014) (recognizing that dispositive factor is the child's placement when the stay put is invoked and explaining that the stay put provision applies even during the appellate process); *Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036, 1038 (9th Cir. 2009) (explaining that the stay put provision applies during the pendency of a federal appellate action and recognizing that "the stay put provision acts as a powerful protective measure to prevent disruption of the child's education throughout the dispute process and "[i]t is unlikely that Congress intended this protective measure to end suddenly and arbitrarily before the dispute is fully resolved"); *Arlington Cent. Sch. Dist. v. L.P.*, 421 F. Supp. 2d 692, 697 (S.D.N.Y. 2006) (addressing "pendency" in context of § 1415(j) and holding that "[o]nce a pendency placement has been established, it can only be changed in one of four ways: (1) by an agreement of the parties; (2) by an unappealed decision of an IHO ([Independent Hearing Officer]); (3) by a decision of a state review officer that agrees with the child's parents . . . or (4) by determination by a court on appeal from an SRO's ([State Review Officer's]) decision"). Other cases also support Plaintiff's position. *See AW ex rel. Wilson v. Fairfax Cty. Sch. Bd.*, 372 F.3d 674, 684 n.11 (4th Cir. 2004) (noting that "the 'stay-put' provision [remains] in effect until the conclusion of both administrative and judicial review, including this appeal and any subsequent review by the Supreme Court"); *Verhoeven v. Brunswick Sch. Comm.*, 207 F.3d 1, 6 (1st Cir. 1999) (finding that § "1415(j) provides for 'stay put' placement throughout both the administrative and judicial proceedings challenging a placement decision); *Ringwood Bd. of Educ. v. K.H.J. ex rel. K.F.J.*, 469 F. Supp. 2d 267, 270 (D.N.J. 2006) (finding persuasive caselaw holding that the stay put provision allows "parents the right to a 'stay-put' order through the entire process, including any appeals").

In response, Defendant provides other non-binding authority and seeks to distinguish Plaintiff's cases. But the Court finds Plaintiff's position persuasive and supported by ample caselaw. Moreover, reading the statute as a whole, the plain meaning of § 1415(j) is to provide the child

with stability in the same educational placement until all proceedings have been completed. Subsection (j) applies to "any proceedings conducted pursuant to" § 1415, which includes administrative and judicial proceedings. While one may argue that neither type of proceeding is pending during the period between the administrative and judicial proceedings, such as we have in this case, the statute as a whole does not support that interpretation. Further, the statute and applicable regulations recognize that the administrative process is final but subject to appeal, *see* 34 C.F.R. § 300.514; 20 U.S.C. § 1415(g) and (i)(2), and that an aggrieved party has ninety days to bring a civil action, *see* 34 C.F.R. § 300.516; 20 U.S.C. § 1415(i)(2).

By providing a right to appeal and to proceed with a civil action, Congress clearly intended to eliminate the finality of any administrative decision until resolution of any appeal or civil action pursued under 20 U.S.C. § 1415. Properly interpreted, "pendency of any proceedings conducted pursuant to [§ 1415]," as used in § 1415(j), encompasses the entirety of the administrative and judicial process. The administrative process remains pending during the time for appeal. Therefore, in general,[1] unless there is an agreement consistent with § 1415(j), the child shall remain in the educational placement that existed when the stay-put provision was first invoked.

In this case, there is no agreement consistent with § 1415(j). Plaintiff's parents have not agreed to removing Plaintiff from the general education classroom. Nor has Plaintiff stated any sort of agreement not to appeal the administrative decision, which could be construed as an agreement to permit the placement change. To the contrary, according to Plaintiff, her attorney immediately informed defense counsel that Plaintiff was appealing the administrative decision. At no point did Plaintiff's parents agree to lift the stay-put order.

Defendant's position runs counter to a goal of the IDEA "to prevent a child from suffering

---

[1] This case does not involve circumstances concerning any period when school is not in session or concerning any multi-level educational plan that might impact the general rule espoused herein.

unnecessary disruptions to his or her education during the pendency of the dispute." *See Ringwood*, 469 F. Supp. 2d at 270. And its reliance on 34 C.F.R. § 300.518 is misplaced. That regulation essentially parallels § 1415(j) and likewise relies on the meaning of pendency. Similarly, Defendant's reliance on *N.E. ex rel. C.E. & P.E. v. Seattle School District*, 842 F.3d 1093 (9th Cir. 2016) is unpersuasive. That case begins with an interpretation consistent with Plaintiff's position:

> The IDEA does not define "then-current educational placement." The reading most consistent with the ordinary meaning of the phrase suggests that the "then-current educational placement" refers to the educational setting in which the student is actually enrolled at the time the parents request a due process hearing to challenge a proposed change in the child's educational placement.

*Id*. at 1096. The court in that case only deviates from that position because "two conceptual difficulties complicate the analysis," i.e., the period between school years and when the education plan contains multiple stages. *Id*. Neither of those complications are present in this case.

Based on the matters of record in this case, the Court has no difficulty finding that Plaintiff has shown entitlement to the automatic injunction of § 1415(j). And while Defendant disagrees, the Court finds on the record now before it, that the relevant current educational placement is Plaintiff's placement at the time of the filing of the due process complaint and invoking the stay-put provision, i.e., placement in a general education classroom. To hold otherwise would create a race-to-the-courthouse scenario that would deprive parents of their ninety-day, statutory time to appeal, and would disserve the purpose of the statute. Such a holding would also elevate a decision from the hearing officer to a lofty position that overrides statutory dictate. To the extent Defendant contends that ninety days is too long to wait to implement orders from a hearing officer, that contention is better suited for presentation to the legislature. In this case, furthermore, Defendant could follow the express orders of the hearing officer without changing Plaintiff's educational placement.

Accordingly, on this 21st day of April 2021, at 8:58 A.M., the Court **GRANTS** *Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction to Enforce Stay Put* (ECF

No. 4). The automatic statutory injunction of 20 U.S.C. § 1415(j) enjoins Defendant from taking any action to change Plaintiff's general education placement that existed when she invoked the stay-put provision. As interpreted by the Court, absent an agreement consistent with § 1415(j), the automatic statutory injunction remains in effect while any proceeding under § 1415 remains pending, including any time provided for appeal or to pursue a civil action such as the one now before the Court.

Defendant moved the child during the pendency of administrative proceedings, in contravention of the statute. Because Defendant changed the education placement for Plaintiff under the mistaken belief that the stay-put provision was rendered inoperative by the decision of the administrative hearing officer, or that the administrative decision extinguished the stay-put injunction already in place, or for some other reason, Defendant is hereby directed to return Plaintiff to the status quo that existed prior to the change in education placement. To minimize classroom disruption for Plaintiff, such return shall occur on the first school day following issuance of this Memorandum Opinion and Order. Following Defendant's return of Plaintiff to her prior placement, Defendant shall maintain her in that placement until the stay-put injunction is lifted by the terms of the statute, agreement of the parties, or as otherwise ordered by a court of competent jurisdiction.

**IT IS SO ORDERED.**

**SIGNED this 21st day of April 2021.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**