UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

H.W, by and through her next
friend, JENNIE W.,

    *Plaintiff*,

v.                                                                                  Case No. SA-21-CV-0344-JKP

COMAL INDEPENDENT SCHOOL
DISTRICT,

    *Defendant*.

**ORDER REGARDING MOTION FOR SUMMARY JUDGMENT**

Before the Court is a *Motion for Summary Judgment* (ECF No. 16) filed by Defendant. Given the circumstances of this case, the Court denies it without awaiting a response from Plaintiff.

In this case, Plaintiff appeals a special due process hearing held under the Individuals with Disabilities Education Act ("IDEA"). Defendant has filed its answer. Because this is "an action for review on an administrative record," this case is exempt from the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(B). Similarly, W. D. Tex. Civ. R. 16(b) exempts such actions from the scheduling order requirements of Fed. R. Civ. P. 16.

Under the IDEA, in an appeal of a special education due process hearing, the Court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). Because this case is an appeal of an administrative hearing – the special education due process hearing – the traditional timelines utilized in federal cases are not appropriate. Accordingly, the Court set a briefing scheduled for this case on May 28, 2021. *See ECF No. 11*.

In accordance with the briefing schedule, Defendant timely filed a certified copy of the complete administrative record, *see ECF No. 12*, and Plaintiff timely filed an *Appellant's Brief*, *see ECF No. 14*. However, instead of filing an *Appellate Brief* in accordance with the briefing order, Defendant filed its summary judgment motion. The briefing schedule does not contemplate the filing of a motion for summary judgment or the briefing that naturally follows such a motion. The Court instead carefully and precisely set a briefing schedule to timely conduct the administrative review required under the IDEA.

The Court recognizes that courts may consider a motion for summary judgment in IDEA actions. *See*, *e.g.*, *E. R. ex rel. E. R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 762 (5th Cir. 2018) (reviewing a summary judgment ruling while voicing no concern about utilizing summary judgment as a vehicle for presenting an IDEA case for review to the district court, yet noting that "a district court's ruling on such motions in IDEA proceedings is not typical for summary-judgment proceedings"); *Seth B. ex rel. Donald B. v. Orleans Par. Sch. Bd.*, 810 F.3d 961, 966 (5th Cir. 2016) (recognizing that district court had granted summary judgment); *El Paso Indep. Sch. Dist. v. Richard R.*, 567 F. Supp. 2d 918, 952 (W.D. Tex. 2008) (granting summary judgment but only after undertaking the IDEA administrative review of the record). But the fact that a given procedure is acceptable for presenting a case for administrative review under the IDEA, does not make it the only vehicle for such review.

Filing a motion for summary judgment is not needed or warranted when the Court has set a specific briefing schedule in an IDEA action. Indeed, when the parties are presenting no new evidence in such a suit, a "motion for summary judgment is simply the procedural vehicle for asking [this Court] to decide the case on the basis of the administrative record." *El Paso Indep. Sch. Dist.*, 567 F. Supp. 2d at 952; *accord Wood v. Katy Indep. Sch. Dist.*, 163 F. Supp. 3d 396,

403 (S.D. Tex. 2015). Further, because the typical summary judgment standards do not apply in reviewing the administrative record in an IDEA case, *see E. R.*, 909 F.3d at 762, *Seth B.*, 810 F.3d at 967, the filing of a motion for summary judgment arguably may create confusion regarding the proper standard to apply.

"In IDEA proceedings, summary judgment is not directed to discerning whether there are disputed issues of fact, but rather, whether the administrative record, together with any additional evidence, establishes that there has been compliance with IDEA's processes and that the child's educational needs have been appropriately addressed." *E. R.*, 909 F.3d at 762 (omitting internal quotation marks and quoting *Seth B.*, 810 F.3d at 967). Although parties in an IDEA action "may call the procedure 'a motion for summary judgment' . . . the procedure is in substance an appeal from an administrative determination, not a summary judgment." *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 892 (9th Cir.1995). While moving for summary judgment may properly present the matter for judicial review in some circumstances, the better practice is to treat the case as one for review of the administrative record and any additional evidence accepted by the Court on request of any party.

Here, the Court set a briefing schedule for appellate briefs and the filing of the administrative record. A party cannot disregard the court order to present a summary judgment motion. The parties should instead treat the case as an appeal of an administrative hearing and present their arguments and issues through appellate briefs as directed. After receiving the administrative record and any filed briefs, the Court will conduct the administrative review required under the IDEA. Whether IDEA review is presented through a motion for summary judgment or some other means, the district courts apply the well-established procedure for reviewing the administrative record and examining any new evidence at the request of any party.

In this case, the parties have informed the Court that they "do not anticipate the necessity of a hearing for receiving additional evidence." *See ECF No. 13*. They have provided a certified administrative record as directed by the Court. *See ECF No. 12*. Although the *Appellant's Brief* field by Plaintiff includes the Decision of the Hearing Officer for this case, such Decision is not new evidence. Further, although the summary judgment motion includes three attachments (two appendix letters and a memo from the Office of Special Education Programs), the Court does not view such attachments as a reason to depart from the issued briefing schedule.

Accordingly, the Court **DENIES** the *Motion for Summary Judgment* (ECF No. 16) as unnecessary. Unless Defendant files an Appellate Brief later today, the Court will consider the filed motion as Defendant's *Appellate Brief* and any *Reply Brief* remains due **on or before July 30, 2021**, as previously ordered. When conducting the administrative review required by the IDEA, the Court will apply the standard for such review, not any review typically associated with summary judgment motions.

**IT is so ORDERED.**

**SIGNED this 23rd day of July 2021.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**